# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action Number |
| | ) | 08-00070-01-CR-W-DW |
| Edward W. Jefferson, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is a MOTION TO SUPPRESS (Doc. #34) filed on December 3, 2008 by defendant Edward W. Jefferson ("Jefferson"). On August 26, 2009, the undersigned held an evidentiary hearing on Jefferson's motions. Jefferson was present and represented by his counsel, Patrick Peters. The government was represented by Assistant United States Attorney Amy Marcus. At the evidentiary hearing, the government called one witness, Officer Brock Nelson of the Kansas City, Missouri Police Department. Additionally, the following exhibits were admitted into evidence:

| Number | Description |
|---|---|
| Gov't. #1 | KCPD tow procedures |
| Gov't. #2 | Tow-in report |
| Gov't. #3 | Videotape of traffic stop |

On the basis of all the evidence adduced at the evidentiary hearing, the undersigned submits the following:

# PROPOSED FINDINGS OF FACT

1. On February 19, 2008, Officer Brock Nelson of the Kansas City, Missouri Police Department was on routine patrol near the intersection of 55th Street and Swope Parkway in Kansas City. Tr. at 4-5.

2. At approximately 11:00 p.m., Officer Nelson observed a black Hummer traveling westbound on 55th Street. Tr. at 5.

3. While Officer Nelson was watching the Hummer, the vehicle failed to stop at a stop sign at the intersection of 55th Street and Swope Parkway. Tr. at 5.

4. Officer Nelson activated his lights and pulled over the black Hummer near the intersection of 55th Street and Wabash Street. Tr. at 5.

5. Officer Nelson ran a computer check on the license plate and received information that the plate number was associated with Edward Jefferson, for whom there were three outstanding city warrants. Tr. at 5.

6. Officer Nelson questioned the driver and learned that it was Jefferson. Tr. at 6.

7. Jefferson told Officer Nelson that the Hummer was a rental vehicle that had been rented earlier in the day. Tr. at 6.

8. Jefferson produced a rental agreement to Officer Nelson. Tr. at 6.

9. Jefferson explained the warrants by telling Officer Nelson that he had rented the vehicle previously and may have been issued tickets while driving the Hummer. Tr. at 6-7.

10. Officer Nelson then ran a computer check on Jefferson's driver's license which revealed the three outstanding city warrants as well as a warrant for Jefferson out of Ft. Myers, Florida. Tr. at 7.

11. Officer Nelson then removed Jefferson from the Hummer, handcuffed him, and placed him under arrest. Tr. at 7-8.

12 The area where the Hummer was stopped (near the intersection of 55th Street and Wabash Street) is one of the higher crime areas where Officer Nelson patrols. Tr. at 8.

13. Due to the late hour (nearing midnight), Officer Nelson did not attempt to contact the rental company. Tr. at 9.

14. In his prior experience with rental car companies in similar situations, Officer Nelson had been advised by the companies to not leave a rental vehicle in a high crime area, but rather to tow to the city tow lot where it could be picked up later. Tr. at 9.

15. The Kansas City Missouri Police Department has adopted a written policy concerning towing of vehicles. Tr. at 9-10.

16. The written policy mandates towing in some situations and permits towing in other situations. With regard to the latter, law enforcement officers are advised:

> Good judgment will be used before a vehicle is allowed to remain at an arrest scene. Consideration will be given to: no parking zones, time limit zones, the safety of released occupants, area crime rate, etc.

Gov't # 1.

17. Following Jefferson's arrest, Officer Nelson decided to have the black Hummer towed based on the facts that: it was parked in a high crime area, the rental agency likely could not take custody of the vehicle for at least several hours, and the Hummer was a valuable, newer model vehicle that might be an attractive target for vandalism and/or theft. Tr. at 9-10.

18. Prior to towing the Hummer, Officer Nelson performed an inventory search of the Hummer that uncovered contraband including marijuana and cocaine. Tr. at 10-11.

## PROPOSED CONCLUSIONS OF LAW

In his MOTION TO SUPPRESS, Jefferson argues that the search of the Hummer was an unconstitutional search under the Fourth Amendment. In making his argument, Jefferson acknowledges the general law that a warrantless inventory search of a vehicle in police custody does not violate the Fourth Amendment to the extent that the search was conducted pursuant to "standard police procedures" and for the purpose of "protecting the car and its contents." *South Dakota v. Opperman*, 428 U.S. 364, 373, 96 S.Ct. 3092, 3099 (1976). However, Jefferson contends that in this case, the search of the black Hummer was not properly undertaken inasmuch as the towing policy of the Kansas City Missouri Police Department did not allow for the impounding of the vehicle. The Court disagrees.

3

As noted, when taking custody of property such as Jefferson's vehicle, law enforcement officers may conduct a warrantless search and inventory in order to protect the owner's property, to protect the police against claims of lost or stolen property, and to protect the police from potential danger. *Colorado v. Bertine*, 479 U.S. 367, 372, 107 S.Ct. 738, 741 (1987). The central inquiry in determining whether such an inventory search is reasonable is a consideration of the totality of the circumstances. *United States v. Marshall*, 986 F.2d 1171, 1174 (8th Cir. 1993). To that end, "inventory searches conducted according to standardized police procedures, which vitiate concerns of an investigatory motive or excessive discretion, are reasonable." *Id*. Consequently, to be constitutional, "[a] warrantless inventory search must be done pursuant to standard police procedures and for the purpose of protecting the car and its contents." *United States v. Best*, 135 F.3d 1223, 1225 (8th Cir. 1998).

The fact that the towing policy of the Kansas City Missouri Police Department invested Officer Nelson with discretion regarding the towing of the black Hummer does not invalidate the reasonableness of the ensuing inventory search. It is well settled that "an impoundment policy may allow some latitude and exercise of judgment by a police officer when those decisions are based on legitimate concerns related to the purposes of an impoundment." *United States v. Betterton*, 417 F.3d 826, 830 (8th Cir. 2005). *See also Colorado v. Bertine*, *supra*, 479 U.S. at 375, 107 S.Ct. at 743 (the requirement that officers follow standard procedures in conducting inventory searches does not foreclose the use of some discretion by officers "so long as that discretion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity").

4

In this case, the decision of Officer Nelson to have the black Hummer towed was made for a number of legitimate reasons, including a recognition that the vehicle was parked in a high crime area, the rental agency that owned the Hummer likely could not take custody of the vehicle for at least several hours, and the Hummer was a valuable, newer model vehicle that might be an attractive target for vandalism and/or theft. The Court is satisfied that these reasons motivated Officer Nelson rather than a motive to merely find a means to conduct a warrantless search of the Hummer. *Compare United States v. Petty*, 367 F.3d 1009, 1012 (8th Cir. 2004) ("So long as the officer's residual judgment is exercised based on legitimate concerns related to the purposes of an impoundment, his decision to impound a particular vehicle does not run afoul of the Constitution."). Having legitimately determined to tow the Hummer, Officer Nelson was justified in conducting a warrantless search of the vehicle and the items he discovered therein were not unconstitutionally seized. *See*, *e.g.*, *United States v. Marshall*, 986 F.2d 1171, 1176 (8th Cir. 1993) (police "may keep their eyes open for potentially incriminating items that they might discover in the course of an inventory search, as long as their sole purpose is not to investigate a crime").

Accordingly, it is

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an order **DENYING** the MOTION TO SUPPRESS filed December 3, 2008 (Doc. #34).

Counsel are reminded that each has 10 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same. A failure to file and

5

serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

                                                */s/ John T. Maughmer*
                                                **John T. Maughmer**
                                           **United States Magistrate Judge**